## Ziegler's Estate.

*Wills—Construction—Direction to trustees to sell real estate for benefit of life-tenant if, in their judgment, necessary for her maintenance and support— Maintenance of lunatic life-tenant with separate estate.*

1. A devise of real estate to trustees in trust to pay the net rent and income to testator's daughter for life, in such sums and at such times as in their "discretion and judgment . . . shall be necessary for her proper support and maintenance," with a direction to them, if the income should be at any time insufficient, in their judgment, for her proper support and maintenance, to sell any part or all of the real estate, requires the trustees, if the daughter becomes legally incompetent, to sell the real estate for her maintenance in a hospital for the insane if the income is insufficient for that purpose, although she has a separate estate; the existence of such separate estate is immaterial, as the trust is not for her support and maintenance if not otherwise suitably provided for.

2. Upon petition by the guardian of a lunatic, who has an equitable life interest in real estate, praying for an order upon the trustees to exercise the discretion vested in them by the will to sell the real estate for her support and maintenance, an answer by the remaindermen which fails to state the present mental and physical condition of the life-tenant, what care or treatment she requires, and the reasonable cost thereof, and where, by whom, and under what conditions she could be properly taken care of for the sum stated in the answer, is insufficient.

Petition and answers. O. C. Phila. Co., April T., 1917, No. 562.

*Lewis, Adler & Laws,* for petitioner.

*W. Horace Hepburn,* for trustees, respondents.

*Dimner Beeber,* for remaindermen, respondents.

THOMPSON, J., Oct. 26, 1923.—This case comes before us on petition of L. Eugene Snively, guardian of Blanche I. Ziegler, an incompetent, life-tenant, and the answers of Pennsylvania Company for Insurances on Lives and Granting Annuities and Lewis B. Kempfer, surviving trustees under the will of Lewis D. Ziegler, deceased, and Lewis D. Ziegler, Jr., et al., remaindermen.

The petition avers:

1. That paragraph 2 of the will of Lewis D. Ziegler is as follows:

"All the real estae of which I die seized excepting the business property used and occupied in my shoe manufacturing business known as Ziegler Brothers (hereinafter devised) I give and devise unto my trustees, hereinafter named, their heirs, and assigns, forever, in trust, to pay the net rent and income therefrom unto my daughter Blanche I. Ziegler during the term of her natural life, in such sums and at such times as in the discretion and judgment of my trustees shall be necessary for her proper support and maintenance; and upon the death of my said daughter the said income, together with any income accrued thereon, I direct shall be paid to my son Lewis D. Ziegler, Jr., if then living, during the term of his natural life, in such sums and at such times as in the discretion and judgment of my trustees shall be

necessary for his proper support and maintenance; and upon the death of my said son Lewis D. Ziegler, Jr., or upon the death of my daughter Blanche I. Ziegler, should my said son predecease her, I direct that the principal of said trust, together with any income accrued thereon, shall be conveyed or paid to the lawful issue of my said son and daughter then living, share and share alike absolutely, and in default of such issue, I direct that said principal be conveyed or paid to my legal heirs then living absolutely, in such proportions as they would be entitled to under the intestate laws of Pennsylvania had I then died intestate.

"Provided, however, that should the whole income from my estate bequeathed to my daughter, Blanche I. Ziegler, be at any time insufficient, in the judgment of my trustees, for her proper support and maintenance, then I direct my trustees to sell any part of or all of my said real estate, in their discretion, free and clear of any of the trusts or limitations herein contained, and from the proceeds to pay to my said daughter such sums as are necessary to make up the said insufficiency of income for her necessary support and maintenance, and the balance of said proceeds to be held by my trustees in trust for the purposes in this paragraph herein above set forth; provided, always, that the principal of said trust fund shall be expended by my said trustees for the purpose of making up any such insufficiency of income for my daughter's necessary support and maintenance whenever such insufficiency, in their judgment, might occur."

2. That on March 30, 1923, upon application of the Pennsylvania Company for Insurances on Lives and Granting Annuities, trustee, Court of Common Pleas No. 2 of this county found Blanche I. Ziegler to be mentally incompetent and appointed L. Eugene Snively guardian of her estate and committed her to a sanitarium, where she now is. The petition avers that the expenses of maintaining her in said sanitarium is $36 per week.

3. That the income from said trust fund is approximately $600 per year, and that there is due the trustees for past maintenance of the life-tenant $274.43, doctor's bill, $45, and accumulated bills for board in said sanitarium, $396.

4. That the entire separate estate of the said Blanche I. Ziegler in the hands of her guardian is approximately $5000.

5. That at least $2200 per year will be required to pay the necessary medical and maintenance expenses of the said Blanche I. Ziegler.

And the petition concludes with a prayer that the trustees be directed to pay out of the principal the above-mentioned sums of $45 and $396, and that "the said trustee be ordered and directed to pay annually to your petitioner as guardian for the said Blanche I. Ziegler, in equal quarterly payments out of the *corpus* of the said estate, such sum of money as will, together with the income received by your petitioner from the estate held by him as such guardian, together with such income as may be received by the said Pennsylvania Company and Lewis B. Kempfer, trustees, amount to the sum of $2200 per annum, the said payment to be continued until the further order of this court, the moneys so received from the said trustees to be applied to the support and maintenance of the said Blanche I. Ziegler."

The answer of the trustees admits all the averments of the petition, including the above, and sets up the following:

"That they are informed and believe and aver it to be true that Blanche I. Ziegler, for whom the petitioner is guardian, is possessed in her own right of moneys and securities to the extent of $5000, which your respondents are advised and aver is or should be in the possession of the petitioner and avail-

4 D. & C.

able for the support and maintenance of the said Blanche I. Ziegler, so as to make good any deficiency there may be from the income derived from the funds in the hands of the respondents as trustees. That your. respondents were requested by petitioner to appropriate a portion of the principal towards the support and maintenance of the said Blanche I. Ziegler, but declined to exercise the discretion vested in them under paragraph 2 of the last will and testament of Lewis D. Ziegler, deceased, set out in paragraph 2 of the petition, which refusal was based solely upon the ground that Blanche I. Ziegler was possessed of the moneys and securities in her own right to the extent of $5000, which were available to make good the present deficiency, and your respondents believe that they were not justified in exercising the discretion vested in them to the detriment of those interested in remainder under such circumstances.

"Wherefore, your respondents submit themselves to such order and decree as your honorable court may see proper to make in the premises."

The answer of the remaindermen avers that "suitable accommodations could be secured for the said Blanche I. Ziegler for about $25 per week," and that the guardian has in his hands approximately $5000 of separate estate of the said life-tenant which is and will be during the coming year available for the support and maintenance of the said Blanche I. Ziegler.

We consider the answer of the remaindermen vague and uncertain, in that it does not state what is the present mental and physical condition of the life-tenant, what care or treatment she requires and the reasonable cost thereof, and fails to state where, by whom and under what conditions the life-tenant could be properly taken care of at an expense of $25 per week. The averment that the separate estate of the life-tenant is available for her support has no bearing on the question before us. The trust above quoted provides "that should the whole income from my estate bequeathed to my daughter, Blanche I. Ziegler, be at any time insufficient, in the judgment of my trustees, for her proper support and maintenance, then I direct my trustees to sell any part of or all of my said real estate, in their discretion, free and clear of any of the trusts or limitations herein contained, and from the proceeds to pay to my said daughter such sums as are necessary to make up the said insufficiency of income for her necessary support and maintenance."

Testator directed his daughter to be supported and maintained out of the income, and principal if necessary, of the fund given by him to his trustees for that purpose. It is immaterial what the separate estate of the daughter is. The trust is not for support and maintenance if not otherwise suitably provided for. The duty of the trustees is to support and maintain the life-tenant out of the income, and if that is not sufficient, then to use the principal for that purpose. The trustees admit that the income is approximately $600 per year, and that it will cost approximately $2200 per year to pay the medical expenses and board of the life-tenant. Under these circumstances, there does not seem to be much latitude for the exercise of any discretion as to applying the principal to her support.

We are of opinion that the bills for medical service rendered the life-tenant and her board should be paid by the trustees out of the income, so far as possible, and the balance out of principal, and that the trustees should continue to pay such bills, as well as bills for her general and proper support and maintenance, in like manner until further order of this court.

Counsel will submit a decree in accordance with the views herein expressed.